FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 DEC 31   AM 10: 01

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHUCK PETTI, PAUL SPIVAK, INTELLITRONIX CORP., | |
| Plaintiffs | |
| v. | Case No. 20-CV-156-ABJ<br>20-CV-157-ABJ<br>20-CV-158-ABJ |
| CAMERON DALEY FRAKER, | |
| Defendant. | |

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS'
MOTION TO STRIKE, DENYING PLAINTIFF'S AND DEFENDANT'S CROSS
MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON
COUNTERCLAIMS, AND DENYING IN PART AND GRANTING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
COUNTERCLAIMS**

THIS MATTER comes before the Court on Defendant Cameron Daley Fraker's

Motion for Summary Judgment on Spivak Complaint (20-CV-157-ABJ, ECF No. 67),

Defendant Cameron Daley Fraker's Motion for Summary Judgment on Defendant's

Counterclaim (ECF No. 72), Plaintiff Paul Spivak's Motion for Summary Judgment on

Defendant Cameron Daley Fraker's Counterclaims & Spivak's Claims for Defamation &

Deceptive Trade Practices Against Defendant (ECF No. 82), Plaintiffs' Paul Spivak and

Intellitronix Corporation Motion to Strike References to Hearsay Evidence and Declaration

of Jason Atkinson (ECF No. 91), and Plaintiff Intellitronix Corp.'s Motion for Partial

1

Summary Judgment on Liability for its Claims of Defamation and Deceptive Trade Practices Against Defendant Cameron Daley Fraker (20-CV-158-ABJ, ECF No. 27). Having reviewed the filings and applicable law, the Court finds that Plaintiffs' Motion to Strike should be **DENIED in part** and **GRANTED in part**, Mr. Spivak's Motion for Summary Judgment on counterclaims & claims for defamation and deceptive trade practices should be **DENIED in part** and **GRANTED in part**, Intellitronix Corp.'s Motion for Summary Judgment on defamation and deceptive trade practices should be **DENIED**, Defendant's Motion for Summary Judgment on counterclaims should be **DENIED**, and Defendant's Motion for Summary Judgment on Plaintiff's claims should be **DENIED**.

## BACKGROUND

These consolidated cases involve a dispute between Cameron Fraker, a distributor for U.S. Lighting Group ("USLG"), and Paul Spivak, the creator of U.S. Lighting Group. 20-CV-157, ECF No. 1 at 2. Intellitronix Corporation ("Intellitronix") is also a Plaintiff in these lawsuits, and Mr. Spivak is the sole officer of this corporation. 20-CV-158, ECF No. 1 at 2. Plaintiffs deal in the business of commercial LED lighting. ECF No. 86 at 1. Mr. Fraker entered into an agreement with USLG to distribute these lightbulbs. 20-CV-157, ECF No. 86-2. At some point it appears Mr. Fraker began to have issues with the lightbulbs, which is essentially the root cause of all the issues currently being litigated.

On January 11, 2019 Mr. Spivak filed a complaint alleging defamation based on Mr. Fraker's post on a website called the Ripoff Report. *Id.* at 2-3. Mr. Spivak filed an Amended Complaint adding a claim for deceptive trade practices on February 14, 2019. ECF No. 4.

2

The alleged defamatory post is titled "US Lighting Group USLG-Intellitronix Corp- Paul Spivak Paul Spivak Chuck Petti Olga Smirnova Bogus Warranty, Will not deliver on New Orders, Theft of Downpayments Eastlake Ohio" and it says:

> I placed an order with a $38,000 down payment in June of 2016. As of January 2018, I have still not received a single light bulb from the order. I've also had to replace the bulbs I sold prior to that order with bulbs from another manufacturer because USLG refuses to ship replacements despite recalling every bulb I sold. They've done this to every distributor. The president of the company has not returned a call in more than 6 months. I visited the facility in May 2017 in order to resolve the many issues I have with this manufacturer and despite me traveling 22 hours for the visit the owner spent a massive 15 minutes talking to me. They've refused to refund my down payment, refused to deliver on their warranty, and refused to deliver new product. I know from talking to other distributors that I'm not the only one and on top of that USLG accepted hundreds of thousands of dollars from distributors in the last 18 months in orders and distribution rights.

ECF No. 4-1. There was a correction for clarity posted that adds the phrase "in a timeframe that satisfies my customers' needs" to the portion of the original statement regarding the alleged refusal to deliver on the warranty. *Id.*

In response to Mr. Spivak's complaint, Mr. Fraker filed counterclaims for breach of contract, corporate veil/alter ego, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, deceptive trade practices, abuse of process, and a violation of 28 U.S.C. § 1927 through filing a frivolous lawsuit and multiplying the proceedings unreasonably. ECF No. 14. Intellitronix also filed suit against Mr. Fraker, through the same counsel as Mr. Spivak, making identical claims as Mr. Spivak's original suit. ECF No. 108 at 5-6. USLG intervened in the consolidated cases as well. ECF No. 86. It added claims regarding breach of contract, tortious interference with business relations, misappropriation of trade secrets, libel, injurious falsehood, and deceptive trade practices against Mr. Fraker. *Id.*

3

The litigation originally took place in the United States District Court for the Northern District of Ohio, Eastern Division, until Magistrate Judge Baughman, Jr. transferred the case to the District of Wyoming while addressing the Motion to Dismiss filed by Defendant against USLG. ECF No. 108. The cases were transferred because USLG and Mr. Fraker had entered into a contract with a forum-selection clause; Magistrate Judge Baughman, Jr. found the clause applied to the claims involving USLG and Defendant and believed the other consolidated cases raised issues related to the contract with the forum-selection clause. *Id.* at 22-27. Ultimately, he transferred the consolidated cases in their entirety. *Id.* at 31.

Prior to transfer, there were pending summary judgment motions from both sides, and a motion to strike. ECF Nos. 67, 72, 82, & 91. Both Plaintiffs and Defendant filed motions for summary judgment regarding the defamation and deceptive trade practices claims, and they also both filed motions for summary judgment regarding Mr. Fraker's counterclaims. *Id.* Plaintiffs filed a Motion to Strike References to Hearsay Evidence and Declaration of Jason Atkinson. ECF No. 91. After transfer, the parties briefed issues regarding choice of law and Defendant re-incorporated a request for dismissal regarding USLG's defamation claim. ECF Nos. 128 & 132. This Court must now rule on those issues.

## ARGUMENTS

### a. Choice of Law

Defendant argues Wyoming law should govern all the claims in these consolidated cases because of the Distributorship Agreement between USLG and Mr. Fraker. ECF No. 128 at 3. He believes the language from the forum-selection clause requiring Wyoming to

have jurisdiction over "any disputes arising in connection with this Agreement" should also require the application of Wyoming law to all claims. *Id.* at 4. Defendant argues the choice of law provision is not contrary to Wyoming law, public policy, or the general interests of Wyoming's citizens and thus, is enforceable. *Id.* at 5. Further, Defendant claims he has no customers in Ohio, so neither he nor USLG could have anticipated a Wyoming court applying Ohio law. *Id.* at 8. Ultimately, he believes the "arising in connection with" language is broad and requires the application of Wyoming law to all the claims in these consolidated cases. *Id.* at 4. Based on the argument regarding choice of law, Defendant asks the Court to dismiss all claims under Ohio statutes, and also requests the Court allow both parties to re-brief the issues. *Id.* at 10, 12.

Plaintiffs oppose the application of Wyoming law and Defendant's request to re-tool the briefing. ECF No. 132. First, Plaintiffs Spivak and Intellitronix argue they were not parties to the Distribution Agreement so they are not bound by the choice of law provision. *Id.* at 5. Further, applying the Restatement Second of Conflict of Laws, they argue Ohio law should apply because it is where the greatest injury was suffered. *Id.* at 6. By participating in this litigation in Ohio, Plaintiffs argue Defendant waived his right to apply Wyoming law to these claims. *Id.* at 7-8. Lastly, they argue significant prejudice will result with the application of Wyoming law and the re-tooling of arguments because there have already been significant time and resources expended and Ohio law has various differences from Wyoming law. *Id.* at 8-9.

### b. Mr. Spivak's Defamation and Deceptive Trade Practices Claims

Defendant claims he is entitled to summary judgment because his statements are not "of and concerning" Mr. Spivak because Mr. Spivak's name was not used in the body of the actual statement, it was only in the title of the post. ECF No. 67 at 10-11. Second, he claims his statements are not defamatory as a matter of law because they do not constitute defamation per se. *Id.* at 12. They do not import a charge of moral turpitude or infamous punishment, they do not claim Mr. Spivak has an offensive or contagious disease, and they do not subject Mr. Spivak to hatred or injure him in his occupation. *Id.*

Defendant also claims his statements are "substantially true." *Id.* at 13. His statement that he did not receive a single bulb is substantially true even if he received some of the bulbs, and if Mr. Spivak had actually returned his calls in two months instead of six months. *Id.* Further, if their meeting lasted thirty minutes instead of fifteen minutes, the statements are all substantially true according to Defendant. *Id.* He also notes he did not receive a refund on his down payment and other distributors did indeed experience similar issues as he claimed in his post. ECF No. 99 at 7.

Lastly, Defendant explains his statements are opinion because the words "bogus warranty" are ambiguous, and his other statements regarding whether he paid for his orders, received bulbs and a refund, and whether other distributors had similar issues are not verifiable. *Id.* at 16-17. Further, the statements are subjective, and the context of the statements is that he was ripped off, which is his opinion. *Id.* at 18.

Defendant also claims the deceptive trade practices claim should be dismissed because there was no false representation of fact. *Id.* at 19. In relation to both claims,

Defendant argues punitive damages are not warranted because his actions were not malicious, as there is no evidence of ill will, hatred, or conscious disregard toward Mr. Spivak. ECF No. 99 at 4.

Plaintiff Spivak counters the statements are false because Defendant received new and replacement bulbs, despite saying he never received any of them. ECF No. 93 at 2. Further, he argues Defendant stated he did the same thing to every distributor, while only providing an affidavit from one other distributor. *Id.* at 12. Plaintiff Spivak claims Defendant intentionally named him in the report and the report is clearly "of and concerning" him because there is no distinction between the corporation and Mr. Spivak. *Id.* at 9-10. Plaintiff Spivak also claims the statements are defamation per se because the statements were made with the intent to harm him in his trade and profession and they accuse him of theft and fraud, which are crimes of moral turpitude. *Id.* at 11. Lastly, he explains the statements are not opinions because they can be verified, even if the reader himself cannot verify them easily. *Id.* at 15.

Since Plaintiff Spivak argues the defamation claim should not be dismissed, he likewise argues the deceptive trade practices claim should stand. *Id.* at 17. Further, he argues punitive damages are proper for both claims because Defendant admitted he posted the report to get the parties back to the bargaining table, and he knew Plaintiff's customers would read the report. *Id.*

Plaintiffs also requested summary judgment on these claims, relying largely on the same arguments from the response to Defendant's Motion for Summary Judgment. 20-CV-158, ECF No. 27. However, Plaintiffs add that Defendant posted the report negligently

7

because he did not attempt to discover the truth of his publication and his belief the publication was true was unreasonable. *Id.* at 14. They also explain Defendant has not shown he properly submitted a warranty claim such that he could claim the warranty is bogus, and the statement regarding the refund is false because there was no refund request, and he was not entitled to a refund. 20-CV-157, ECF No. 104 at 8-9. Further, Plaintiffs urge the Court to presume Defendant's failure to produce evidence of unreturned phone calls and further evidence regarding the bulbs means there is no merit to the claims. *Id.* at 9-10. Defendant's response relied on the same arguments from his own Motion for Summary Judgment. ECF No. 98.

### c. Defendant's Counterclaims

Defendant first argues he is entitled to summary judgment on the fraudulent misrepresentation and fraudulent concealment claims because Mr. Spivak knew his bulbs were defective but represented there were minimal failures, and Defendant relied on these representations when agreeing to distribute the bulbs. ECF No. 72-1 at 10–11. Defendant relies on previous lawsuits and the affidavit of Jason Atkinson, a different distributor, to show Mr. Spivak's knowledge. *Id.* at 11. In addition, Defendant claims Mr. Spivak contined to make misrepresentations to get him to invest and place more orders. *Id.* at 7. Further, he argues he is entitled to summary judgment on the unjust enrichment claim because he was fraudulently induced into signing the agreement to distribute USLG bulbs, so it would be unjust to allow Mr. Spivak to retain the money Defendant paid him. *Id.* at 13. Because he claims Mr. Spivak made misrepresentations regarding the quality of the

bulbs, Defendant believes he is also entitled to summary judgment regarding his deceptive trade practices claim. *Id.* at 14.

Underlying all of these claims is the ability to pierce the corporate veil and hold Mr. Spivak individually responsible. Defendant argues he is entitled to pierce the veil because both of Mr. Spivak's companies share the same employees and officers using the same assets, Mr. Spivak as the officer made fraudulent misrepresentations, and the companies were a façade for Mr. Spivak to commit fraud against Defendant. *Id.* at 14-17. Lastly, Defendant argues he is entitled to judgment regarding abuse of process and his claim regarding 28 U.S.C. § 1927 because the multiple suits could have been done in one, and the sole purpose was to harass him and force him to incur costs. *Id.* at 17-20.

Mr. Spivak counters Defendant chose to sign the Distribution Agreement because he was turned down by others due to lack of experience and thus, he did not rely on any alleged statements regarding the bulbs. ECF No. 92 at 3. He also argues Defendant dealt with multiple employees at USLG, not himself specifically, and Defendant did not actually speak to him during various time periods. *Id.* Further, Mr. Spivak claims he never made a statement that the bulbs had minimal failures and were free from defects. *Id.* at 6. Rather, he explains he told Defendant the bulb failures were negligible, and he argues this is true. *Id.* Mr. Spivak also argues there was no fiduciary relationship between himself and Defendant because it was an arms-length transaction. *Id.* at 10-11.

Regarding the other counterclaims, Mr. Spivak explains Defendant did not pay anything personally, it was his company Fraker Energy Systems, LLC; so the unjust enrichment claim must fail. *Id.* at 11. He also argues Defendant is not covered under the

specific section regarding deceptive trade practices because it only covers statements made to disparage the goods of another and the goods at issue here were not of another. *Id.* at 12. He urges the Court to recognize the corporate veil because USLG and Intellitronix are distinguishable, and there was no comingling of funds or other sort of fraud. *Id.* at 14. Lastly, the abuse of process and Section 1927 claims cannot stand because there is no evidence the suits were used improperly according to Mr. Spivak. *Id.* at 14-15.

Mr. Spivak also filed a Motion for Summary Judgment on the counterclaims. ECF No. 82. He relies mostly on the same arguments in his response to Defendant's Motion for Summary Judgment; however, he also adds the abuse of process claim must fail because it was not filed against an attorney. *Id.* at 7. Most of his argument claims Defendant has not provided enough evidence regarding the counterclaims.

Defendant responds largely with the same arguments as his Motion for Summary Judgment, but he also adds Mr. Spivak has not produced evidence the corporate funds of the two companies were held separately. ECF No. 94 at 10. Further, he claims there are factual issues regarding whether Mr. Spivak committed "egregious wrongs" to pierce the corporate veil. *Id.* at 11. He also acknowledges there are factual issues regarding Mr. Spivak's fraudulent inducement to get Defendant to invest and buy more products. *Id.* at 9.

### d.  Plaintiffs' Motion to Strike

Underlying the majority of the issues presented in the summary judgment motions are various references to previous lawsuits filed against Mr. Spivak and another Ripoff Report written by Randy Erskine. Plaintiffs argue this evidence should be stricken because

they have not been authenticated or validated. ECF No. 91 at 4. Further, they argue the references to previous lawsuits and the other Ripoff Report should be stricken because they are hearsay. *Id* at 2-4. They also claim the documents and references are irrelevant because they do not have a tendency to make any issue in the case more or less probable. *Id.* at 5. Lastly, they argue the documents are evidence of prior bad acts that cannot be used in this case. *Id.* at 5-6.

Additionally, Defendant makes many references to an affidavit by Jason Atkinson, which Plaintiffs argue should be stricken. *Id.* at 6. Plaintiffs believe it should be stricken essentially because he did not provide enough information in his affidavit, and it does not specifically reference Mr. Spivak or Intellitronix. *Id.* at 6-8. They also argue the affidavit and the disclosure of Mr. Atkinson's identity are untimely because it was provided when Plaintiffs no longer had the ability to depose or subpoena Mr. Atkinson. *Id.* at 9. Even if it were timely, Plaintiffs argue the affidavit contains hearsay. *Id.* at 8.

Defendant responds the affidavit was timely because Plaintiffs knew Mr. Atkinson's identity, as they were planning to use him as a witness themselves, and Defendant provided supplemental disclosures identifying him as a witness on November 22, 2019. ECF No. 100 at 1-2. Further, the affidavit was provided months before the discovery deadline. *Id.* at 5. He argues there is also no prejudice because Plaintiffs' counsel had already spoken with Mr. Atkinson and had the ability to contact him regarding these issues or could have sought leave to depose him and can still question him at trial. *Id.* at 2. According to Defendant, the affidavit itself complies with the rules because it is based on personal knowledge, outlines admissible facts, and Mr. Atkinson was competent to testify. *Id.* at 3.

Regarding the references to prior lawsuits, Defendant argues this Court is entitled to take judicial notice of the pleadings in the cases. *Id.* at 6. Additionally, he argues the evidence is relevant to the abuse of process claims and could be used to impeach Mr. Spivak. *Id.* at 6-7. Defendant explains this is not improper character evidence because lawsuits in a civil matter are not evidence of "other crimes," and the lawsuits are being used to prove knowledge. *Id.* at 7. Lastly, Defendant argues Mr. Spivak opened the door to this evidence by denying production problems existed prior to 2015. *Id.* at 8. Defendant likewise believes Mr. Erskine's Ripoff Report is admissible because Plaintiffs placed their own character into evidence by filing the defamation claim, so it is not improper character evidence nor is it hearsay. *Id.* at 8-10.

In response to Defendant's arguments, Plaintiffs claim the Ripoff Report is not proper character evidence because there is no testimony to corroborate the report. ECF No. 102 at 4. Further, they claim the references to other litigation and reports do not have anything to do with the aspects of character at issue in this case, and they are only relevant to damages, which is not at issue currently. *Id.* at 4-6. Plaintiffs claim all these references are defamatory. *Id.* at 6.

### e.  USLG's Defamation Claim

Defendant believes USLG's defamation claim is time-barred under both Wyoming and Ohio law, and appears to be re-incorporating a previous argument from the original motion to dismiss filed in Ohio. ECF No. 128 at 8. USLG requested to intervene in this case on May 22, 2019, but the Ripoff Report was posted on January 18, 2018; Defendant claims these are undisputed facts. *Id.* at 9. He argues a civil action for defamation must be

brought within one year after the cause of action accrues, which would be when USLG knew or had reason to know of the existence of the claim. *Id.* Because Mr. Spivak filed his defamation action within the one-year time span, Defendant attributes his knowledge to USLG because he is the majority owner and CEO of the company. *Id.* Ultimately, Defendant believes the defamation claim was filed outside of the one-year limitations period because USLG knew of the claim at the same time as Mr. Spivak but did not intervene in the case until after the time limit was up. *Id.* at 10. Plaintiffs did not respond to this argument, apparently believing the issue was now moot because of the order transferring the case to Wyoming and because it believes the briefing should have been confined to the choice of law issues. ECF No. 132 at 1.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *See Lynch v. Barrett*, 703 F.3d 1153,

1158 (10th Cir. 2013). Once the moving party satisfies this initial burden, the nonmoving

party must "do more than simply show that there is some metaphysical doubt as to material

facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further,

when opposing summary judgment, the nonmoving party cannot rest on allegations or

denials in the pleadings but must set forth specific facts showing there is a genuine dispute

of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th

Cir. 2009).

When considering a motion for summary judgment, the Court's role is not to weigh

the evidence and decide the truth of the matter, but rather to determine whether a genuine

dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility

determinations are the province of the factfinder, not the Court. *Id.* at 255.

## ANALYSIS

### a. Choice of Law

First, the Court must determine which law applies. As a general principal "[i]n

diversity cases, the Erie doctrine instructs that federal courts must apply state substantive

law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d

1152, 1162 (10th Cir. 2017). These consolidated cases were in front of the District of Ohio

on diversity of citizenship jurisdiction; therefore, the Court will apply federal law to

procedural issues and state law to the substantive issues.

However, because the case was transferred from Ohio, the Court must determine

what state's substantive law applies. "[W]hen a case is transferred ... the transferee court

must apply the same law as applicable in the transferor court…" *Chrysler Credit Corp. v.*

The plain language of the Distribution Agreement gives this Court jurisdiction over all the claims that "arise in connection with" the Agreement, but only instructs the Court to apply Wyoming law to those claims that require the Court to construe the Distribution Agreement. Although this will require the application of Wyoming law to some claims and Ohio law to other claims (because it is the law the transferor court applied), the plain language of the Distribution Agreement appears to compel this result. Therefore, the Court will only apply Wyoming law to those claims requiring it to "construe" the Agreement.

Most of the issues pending before the Court do not require the Court to construe the Distribution Agreement. The Court must determine whether it's true Mr. Fraker paid a down payment, whether he received light bulbs, whether he replaced the bulbs, whether USLG refuses to ship replacements, whether it recalled all the bulbs, and what other distributors experienced. Also, it must determine whether Mr. Spivak returned calls, whether Mr. Fraker visited the facility traveling 22 hours and only got to speak to someone for 15 minutes, whether USLG refunded the payment, whether it delivered on the warranty and delivered new bulbs, and whether USLG accepted money from other distributors in the last 18 months. None of this requires the Court to look at the Distribution Agreement; in order to substantiate these claims Defendant would have to provide evidence outside of the Agreement. While Defendant's Ripoff Report does arise out of his business relations with USLG under the Distribution Agreement, the Court does not have to "construe" the Agreement to rule on these matters.

The Court also must determine whether Mr. Spivak made misrepresentations or concealed information regarding the lightbulbs prior to entering into the Agreement,

whether the lawsuits are frivolous or abusive, and whether the corporate veil can be pierced. None of this requires the Court to construe the Distribution Agreement between Mr. Fraker and USLG; these issues will require the Court to consider evidence outside the Agreement. Thus, this Court will be applying Ohio law to those issues.

Defendant also made claims for breach of contract and unjust enrichment. ECF No. 14 at 10-12. These claims do fall under the choice of law provision because it would require the Court to construe the Distribution Agreement. The unjust enrichment claim relies on the fact Defendant paid Plaintiff for the territory and bulbs under the Distribution Agreement, and the breach of contract claim directly argues USLG breached the Distribution Agreement. *Id.* Therefore, Wyoming law will apply to the breach of contract claim and the unjust enrichment claim.

Although these claims are not the subject of the current motions the Court notes, Ohio law would also apply to USLG's claims against Mr. Fraker regarding misappropriation of trade secrets and breach of contract. While the Court originally asked USLG to amend its complaint based on Wyoming law, after examining the Amended Complaint, it appears these two claims rely on the Confidentiality Agreement between Mr. Fraker and USLG. 20-CV-156-ABJ, ECF No. 110. The Confidentiality Agreement says it "shall be construed under the laws of Ohio." ECF No. 110-1 at 2. The breach of contract action requires the Court to construe the Confidentiality Agreement because USLG claims Defendant breached that agreement. ECF No. 110 at 7. The misappropriation of trade secrets claim also would require the Court to construe the Confidentiality Agreement because the Agreement lists the alleged trade secrets and confidential information that

17

USLG claims Defendant misappropriated. ECF No.110-1 at 1. Therefore, Ohio law should apply to those claims.

The claims regarding tortious interference with current & prospective business relations and libel also require the application of Ohio law because they were originally filed in an Ohio court, applying Ohio law. This Court must apply the law of the transferor court. The choice of law provision in the Distributor Agreement does not apply to these claims because they do not require the Court to "construe" the Distributor Agreement. The tortious interference claim requires the Court to consider evidence regarding Defendant's contacts with other business associates of USLG and how the contact affected those relations; all these issues are outside the Distribution Agreement. Further, the libel claim requires the Court to consider evidence outside of the Distribution Agreement as discussed previously in relation to the other Plaintiffs' claims.

Ultimately, Wyoming law only applies to Defendant's breach of contract claim against USLG. Based on this determination, the Court finds it would be unnecessary to have the parties re-brief the summary judgment motions as Defendant requested.

### b. Motion to Strike

There are multiple motions and claims before the Court; however, the Court will address Plaintiffs' Motion to Strike first because several of the arguments made in the other motions rely on exhibits and references Plaintiffs are asking this Court to strike. Plaintiff asks the Court to strike the affidavit of Jason Atkinson, references to other lawsuits, and the Ripoff Report of Mr. Erskine. 20-CV-157-ABJ, ECF No. 91. They ask for these items

18

to be stricken from consideration for the current summary judgment motions and from trial. *Id.* The Court denies this Motion.

The Court will not strike the affidavit of Jason Atkinson because it complies with the rules. The affidavit states it is based on Mr. Atkinson's personal knowledge, outlines facts admissible in evidence, and states Mr. Atkinson is competent to testify. ECF No. 67-5. Plaintiffs' arguments regarding information Mr. Atkinson did not provide in his affidavit are irrelevant; Mr. Atkinson is not required to provide further information just because it would help Plaintiffs' case. Plaintiffs claim the affidavit is mostly about his dealings with USLG, not Intellitronix or Mr. Spivak; however, this is a clear mischaracterization of the affidavit, as Mr. Atkinson does refer to misrepresentations by Mr. Spivak personally.

Additionally, while the affidavit may constitute hearsay now, parties are entitled to "submit affidavits in support of summary judgment … on the theory that the evidence may ultimately be presented at trial in an admissible form." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1199 (10th Cir. 2006). So, while the affidavit itself is hearsay because it is an out of court statement Defendant is using to prove the truth of the matter asserted, Mr. Atkinson is on the witness list for trial to be questioned about these matters in court. Therefore, the affidavit itself is acceptable.

However, the Court must also determine whether there are any hearsay statements contained within the affidavit that would be inadmissible. *See id.* Most of the information in the affidavit is not actually hearsay because it is not an out of court *statement*. The actual out of court statements do not constitute hearsay because they likely would qualify as an opposing party's statement. *See* FED. R. EVID. 801(d)(2). The statements were made by Mr.

Spivak, and Defendant will use them in the case where he is the opposing party. The references to discussions with Karen Zimmerman would also likely qualify as an opposing party's statement because she was an employee of USLG, who is an intervening party in the case, and the comments appear to have been made in the scope of her employment. The only statements that are potentially inadmissible are the statements where Mr. Atkinson claims he himself said something to either USLG or Defendant; it is possible they may fall within one of the hearsay exceptions, but without further context or arguments from Defendant, this Court cannot consider those specific statements.

Plaintiffs also argue the affidavit is untimely; however, the affidavit was sent to opposing counsel on November 22, 2019. ECF No. 100-2. Discovery closed on December 6, 2019, per the Ohio Court's order. ECF No. 62. While Plaintiffs argue they are prejudiced by this new information because it was around the holidays when they did not have time to conduct further discovery, they had approximately 2 weeks to do so, or to ask for an extension of time.

They also claim the identity of Mr. Atkinson was not properly disclosed in a timely fashion; however, they planned to use him as a witness themselves, so they clearly knew his identity. ECF No. 60 at 2. The Federal Rules of Civil Procedure do require parties to make initial disclosures identifying individuals likely to have discoverable information they may use to support their claims or defenses. *See* FED. R. CIV. P. 26(a)(1). However, the rules also tell a party to supplement those disclosures in a timely manner if the party learns the original disclosures are incomplete. *See* FED. R. CIV. P. 26(e). Defendant did identify former USLG distributors as having discoverable information in his initial

disclosures, and he also supplemented this disclosure with Jason Atkinson's specific name before discovery had closed. ECF Nos. 32 & ECF No. 100-2. Plaintiffs claim they did not have the contact information for Mr. Atkinson; however, this is clearly inaccurate considering Plaintiffs' counsel contacted Mr. Atkinson multiple times after learning about the affidavit. ECF No. 77-1, 2.

Plaintiffs also request this Court strike references to prior lawsuits. ECF No. 91. Defendant is using the lawsuits to prove Mr. Spivak had knowledge of defects in the bulbs and that he is a vexatious litigator who abuses the process. ECF No. 100-1 at 5–7. The references may be relevant to Defendant's counterclaims regarding abuse of process, but they constitute improper character evidence. The Federal Rules of Evidence prohibit the use of evidence of an other act regarding a person's character to show the person acted in accordance with that character trait. FED. R. EVID. 404(b). While Defendant argues the lawsuits are being used to prove motive, he is clearly using the lawsuits as proof Mr. Spivak has previously abused the court process and is doing so now. Defendant has previously argued the motive in filing the case was to prevent him from bringing his own legal action and to harm him; the other lawsuits would have no bearing on this. ECF No. 26 at 14. Further, this is not a criminal case so Defendant's argument that the lawsuits can be used to prove motive is irrelevant because the Federal Rules of Evidence allow use of character evidence to prove motive in criminal cases, not civil cases. *See* FED. R. EVID. 404(b)(2).

Defendant also cannot use the prior lawsuits to prove knowledge of product failures or manufacturing problems that he experienced. The evidence is irrelevant for the purposes of showing Mr. Spivak knew about the defective bulbs because the lawsuits do not involve

21

the same alleged issues Defendant claims he experienced. The Dejesus complaint involved issues regarding lead times and how she was allegedly uninformed it would take 13 weeks to receive a shipment when she signed an agreement with USLG. ECF No. 72-5. Defendant's issues with USLG involve defective lightbulbs and warranty issues. ECF No. 72-1 at 6–9. Ms. Dejesus filing a suit against Mr. Spivak regarding lead times does not make it any more probable that Mr. Spivak had knowledge about the specific issues Defendant allegedly experienced with defective bulbs and warranties. Therefore, it is irrelevant, and the Court must strike the references to the other lawsuits.

The Erskine Report is not improper character evidence because Defendant is using the report to oppose Mr. Spivak's defamation claim; he put his character at issue by filing a defamation suit claiming his reputation was harmed. Further, the report cannot be excluded as hearsay because it falls within the exception regarding reputation concerning a person's character. *See* FED. R. EVID. 803(21). Mr. Erskine was an associate of Mr. Spivak's, as he was a distributor of the lightbulbs and his comments bear on Mr. Spivak's reputation among his associates. Likewise, it is not irrelevant because it has bearing on Mr. Spivak's defamation claims that his reputation was damaged, and that Defendant's statements were false.

Ultimately, the Court will grant in part and deny in part Plaintiffs' Motion to Strike. The Court will consider the majority of Mr. Atkinson's affidavit, except for the portions referring to statements Mr. Atkinson made himself. The Court will strike the attached exhibits and references to other lawsuits. However, the Court will allow the use of the Erskine Ripoff Report.

**c. Mr. Spivak's Defamation and Deceptive Trade Practices Claims**

Neither Mr. Spivak, nor Mr. Fraker are entitled to summary judgment on Mr. Spivak's claims regarding defamation and deceptive trade practices. The elements of defamation under Ohio law include: "a false and defamatory statement concerning another; an unprivileged publication to a third party; fault amounting at least to negligence on the part of the publisher; and either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Dunnigan v. City Of Lorain*, 2002-Ohio-5548, at ¶ 34, Mr. Spivak is a private figure, so he "must show by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Brown v. Lawson*, 169 Ohio App. 3d 430, 863 N.E.2d 215, 2006-Ohio-5897, at ¶ 11. At this point, there are still disputed issues of fact precluding summary judgment on the defamation claim.

Defendant argues the claim must fail because the statements were not "of and concerning" Mr. Spivak. ECF No. 67-1 at 9. However, this is unconvincing because Mr. Spivak's name is clearly in the title of the post. ECF No. 67-3. Defendant argues the body of the post "arguably" concerns the business relationship with USLG. ECF No. 67-1 at 10. This is not enough to entitle Defendant to summary judgment; reasonable jurors could conclude the post did concern Mr. Spivak because of the title and references in the post to the "president of the company," which is Mr. Spivak.

Defendant also argues he is entitled to summary judgment because the statements cannot constitute defamation per se as a matter of law. ECF No. 67-1 at 12. Defamation per se includes statements within the following categories: "words which import an

indictable criminal offense involving moral turpitude; words which impute a loathsome or contagious disease which excludes one from society; or words which tend to injure one in his trade or business occupation." *Dunnigan*, 2002-Ohio-5548, at ¶ 35. While Defendant argues Mr. Spivak cannot prove his statements fall within any of these categories, this argument is also unconvincing. ECF No. 67-1 at 12. Looking at the content of the post itself, reasonable jurors could conclude the statements tend to injure Mr. Spivak in his trade or business.

Defendant largely relies on the argument his statements are substantially true. ECF No. 67-1 at 12–14. However, some portions of the post are clearly disputed. Defendant said USLG had done the same thing to every distributor, but only has an affidavit from one distributor and another Ripoff Report post from one former distributor, while USLG has approximately 60 distributors. Reasonable jurors could conclude this is not substantially true. Further, Defendant claims his phone calls were not returned, but Plaintiffs claim they were in regular contact. 20-CV-158, ECF. No. 27-1 at 7. This is clearly a disputed issue, and neither party has provided the Court with admissible evidence that the statement is true or false.

Lastly, Defendant attempts to argue the statements are expressions of opinion and not actionable. 20-CV-157, ECF No. 67-1 at 14. When determining whether statements are opinion the Court must look to "the specific language used, [] whether the statement is verifiable, [] the general context of the statement, and [] the broader context in which the statement appeared." *Scott v. News-Herald*, 496 N.E.2d 699, 706 (Ohio 1986).

24

First, when looking at the specific language used, a large majority appears to be factual in nature. While some statements may constitute hyperbole like "bogus" and "theft," the majority of the statements seem to be factual in nature. ECF No. 67-3. Next, while the statements may not be easily verifiable, the test is whether a reasonable reader could believe the statement has specific factual content. *See Scott*, 496 N.E.2d at 707. Here, a reasonable reader could believe statements like "I have still not received a single light bulb ..." or "they've refused to refund my down payment" are factual because it is either true or false that Mr. Fraker received the light bulbs or USLG refunded his down payment. The large majority of the post contains statements similar to these, so a reasonable reader would likely believe the statements are verifiable.

Lastly, looking at the context of the statement and where the statement appears, it still appears to be factual. While the statements were posted on a site where people claim they have been ripped off, which is arguably an opinion, they provide factual statements to explain how they have been ripped off, as Mr. Fraker did here. Therefore, the post does not constitute opinion.

Plaintiffs also believe they are entitled to summary judgment on the defamation claims but have not proven the requisite degree of fault. Plaintiffs merely claim Defendant's statements were unreasonable and "clearly made with a negligent degree of fault." 20-CV-158, ECF No. 27-1 at 14. They also claim Defendant was attempting to extort USLG, he cannot substantiate his claims, and that his posting corrections is evidence of his fault. *Id.* None of these statements entitle Plaintiffs to summary judgment because they have not provided the Court with evidence showing Mr. Fraker's negligence is not

disputed. Plaintiffs mischaracterize Mr. Fraker's deposition in an attempt to argue he was negligent, but it does not show that Mr. Fraker had a negligent degree of fault. *Id.* Therefore, they are also not entitled to summary judgment.

Plaintiffs also made claims for deceptive trade practices. Ohio law provides "[a] person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person … disparages the goods, services, or business of another by false representation of fact." OHIO REV. CODE. ANN. § 4165.02(10). Plaintiffs argue they are entitled to summary judgment on this claim because it is derivative of the defamation claim they are also requesting be dismissed. ECF No 27-1 at 13–14. Defendant also argues he is entitled to summary judgment on the claim because there was no false representation of fact. 20-CV-157, ECF No. 67-1 at 19. However, for the reasons stated above, there are still factual issues regarding whether Defendant's statements are false. Therefore, neither party is entitled to summary judgment on this claim.

In relation to all of his claims, Plaintiff Spivak also made a request for punitive damages. ECF No. 1. In Ohio, punitive damages are available when there is actual malice, which means a "state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v.* Murty, 512 N.E.2d 1174, 1176 (Ohio 1987). Defendant is not entitled to summary judgment on the punitive damages request because Plaintiff has produced evidence regarding Mr. Fraker's intentions in making his post. Mr. Fraker admitted he knew that Mr. Spivak's customers would read the report. ECF No. 93-11 at 5. He also admitted his intention was to get USLG

26

to start negotiating again. ECF No. 93-1 at 22. Thus, reasonable jurors could conclude Mr.

Fraker's intentions in making the post constitute malice, so the claim cannot be dismissed.

### d. Counterclaims

Mr. Spivak appears to argue he is entitled to summary judgment on the breach of

contract claim because he was not a party to the contract. ECF No. 82-1 at 7. However, the

breach of contract claim is directed at USLG, not Mr. Spivak. ECF No. 26 at 10. Therefore,

the Court need not go any further in denying his summary judgment request for that claim.

There are disputed facts precluding Defendant's summary judgment request on the

fraudulent misrepresentation counterclaim. The elements of fraudulent misrepresentation

are:

> (1) a representation, or where there is a duty to disclose, concealment of a
> fact, (2) which is material to the transaction at hand, (3) made falsely, with
> knowledge of its falsity, or with such utter disregard and recklessness as to
> whether it is true or false that knowledge may be inferred, (4) with the intent
> of misleading another into relying on it, (5) justifiable reliance upon the
> representation or concealment, and (6) a resulting injury proximately caused
> by the reliance.

*Buchanan v. Improved Properties, LLC*, 2014-Ohio-263, 7 N.E.3d 634, at ¶ 14. Defendant

has not provided this Court with any admissible evidence regarding Mr. Spivak's

knowledge of the falsity of the alleged statements he made to Mr. Fraker. Mr. Spivak's

knowledge of the falsity of his statements is a material issue in this claim, and there is a

genuine dispute of fact regarding the issue. Defendant himself concedes there are factual

issues as to whether Mr. Spivak promised Mr. Fraker he would send replacements for the

defective bulbs. ECF No. 94-1 at 7. Therefore, Defendant is not entitled to summary

judgment on the fraudulent misrepresentation claim.

Further, Mr. Spivak is not entitled to summary judgment on the fraudulent misrepresentation claim because he did not meet his burden in showing there is no genuine dispute of fact. He claims the statements are not fraudulent because they constitute "after the fact impressions or conclusions from generic exaggerations" made during a sales pitch. ECF No. 82-1 at 8. Mr. Fraker claims the statements were very specific regarding the failure rate, design, and warranty. ECF No. 94-1 at 8. There is clearly a genuine dispute of fact regarding the nature of Mr. Spivak's statements to Mr. Fraker, which precludes summary judgment.

Along with the fraudulent misrepresentation claim, Defendant also made a counterclaim for fraudulent concealment. ECF No. 26. The elements of fraudulent concealment are similar to fraudulent misrepresentation. *See Fed. Mgt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 854 (Ohio App. 2000). For the same reasons stated above, neither party is entitled to summary judgment on this claim.

Plaintiff argues summary judgment should be granted on the fraudulent concealment claim because there is no fiduciary relationship, but that is not required; a duty to disclose "arises when one party has information that the other party is entitled to know because of a fiduciary *or other similar relation of trust and confidence between them.*" *Id.* (emphasis added). Defendant claims Mr. Spivak had a duty to disclose these issues as the head of the company Mr. Fraker was entering into a business relationship with. ECF No. 94-1 at 9. Whether such a relationship existed requiring a duty to disclose is disputed and cannot be resolved on summary judgment.

28

To assert a claim against Mr. Spivak personally, Defendant also felt it necessary to pierce the corporate veil; both Mr. Spivak and Defendant argue they are entitled to summary judgment on that claim. First, the Court will note piercing the corporate veil and the alter ego theory are not separate causes of action. *Trinity Health Sys. V. MDX Corp.,* 180 Ohio App. 3d 815, 2009-Ohio-417, 907 N.E.2d 746, at ¶ 26. In any event, neither party is entitled to summary judgment on these legal theories because there is still a genuine dispute of fact regarding whether Mr. Spivak made fraudulent misrepresentations. Under Ohio law the corporate veil may be pierced when:

> domination and control over the corporation by those to be held liable is so complete that the corporation has no separate mind, will, or existence of its own; that domination and control was used to commit fraud or wrong or other dishonest or unjust act, and injury or unjust loss resulted to the plaintiff from such control and wrong.

*LeRoux's Billyle Supper Club v. Ma*, 602 N.E.2d 685, 688 (Ohio App. 1991). Defendant claims there is ample evidence of Mr. Spivak's fraudulent misrepresentations; however, this is clearly still a disputed fact as discussed above. Therefore, Defendant is not entitled to summary judgment on the alter ego/corporate veil theory. Plaintiff is also not entitled to summary judgment on the alter ego theory because, as discussed above, there is a clear dispute about whether Mr. Spivak made fraudulent misrepresentations to Mr. Fraker that would support a request to pierce the corporate veil.

Defendant's unjust enrichment claim must be dismissed on summary judgment. The elements of unjust enrichment under Wyoming law are: "1) valuable services were rendered; 2) to the party to be charged; 3) which services were accepted, used and enjoyed by the charged party; and 4) under circumstances that reasonably notified the party being

charged that the other party would expect payment for the services." *Redland v. Redland*, 2012 WY 148, ¶ 137, 288 P.3d 1173, 1203 (Wyo. 2012). "Recovery is appropriate only when the benefited party would be unjustly enriched." *Horn v. Wooster*, 2007 WY 120, ¶ 24, 165 P.3d 69, 76 (Wyo. 2007). Defendant filed the unjust enrichment claim against Mr. Spivak alleging he paid Mr. Spivak money, and Mr. Spivak received the money, but refuses to pay it back.[1] ECF No. 26 at 12-13. However, in his deposition Defendant stated he paid USLG, not Mr. Spivak individually. ECF No. 92-1 at 40. Further, Mr. Fraker's company paid the money to USLG, not Mr. Fraker personally. ECF No. 92-1 at 24. Mr. Spivak is not the "benefitted party" here, USLG was. Also, Mr. Fraker did not personally bestow "valuable services," his company did. Therefore, Defendant's unjust enrichment claim must be dismissed.

Defendant also made a claim regarding deceptive trade practices; Plaintiff is entitled to summary judgment on that claim and it must be dismissed. Defendant appears to argue Mr. Spivak somehow disparaged his business. ECF No. 72-1 at 13. The statute does not define the word disparage, but Black's Law Dictionary defines it as: "to speak slightingly of; to criticize in a way showing that one considers the subject of discussion neither good nor important; to degrade in estimate by disrespectful or sneering treatment." *Disparage*, Black's Law Dictionary (11th ed. 2019). Defendant has not alleged Mr. Spivak disparaged his goods, services, or business in his counterclaim. Mr. Spivak making allegedly false representations about the bulbs or recalls are not statements disparaging Mr. Fraker's

---

[1] Defendant directed his unjust enrichment claim directly at "Plaintiff;" at that point in time Plaintiff was only Mr. Spivak; therefore, the Court presumes the claim was made against Mr. Spivak personally, not USLG. ECF No. 14 at 12-13.

business. Defendant has failed to provide any allegations or evidence to the contrary. Therefore, the claim must be dismissed.

Neither party is entitled to summary judgment on the abuse of process claim. To establish a claim of abuse of process under Ohio law, a plaintiff must establish "that a legal proceeding has been set in motion in proper form and with probable cause; that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.,* 626 N.E.2d 115, 118 (Ohio 1994). Defendant attempts to use prior lawsuits as proof Mr. Spivak is currently abusing the court process; however, this Court struck those references and documents from the record for the purposes of considering the summary judgment motions. ECF No. 72-1 at 18. Defendant has not provided any other admissible evidence showing there is no dispute regarding Mr. Spivak's purpose in initiating this lawsuit; therefore, he is not entitled to summary judgment.

Mr. Spivak is also not entitled to summary judgment because he did not meet his burden in showing there is no genuine dispute of fact regarding abuse of process; he merely claims there are no facts to support the claim. ECF No. 82-1 at 8. However, Defendant points to the docket in all the consolidated cases as being abusive. ECF No. 94-1 at 11. The abusive nature of the litigation is clearly disputed between the parties, so neither is entitled to summary judgment on this claim.

Mr. Spivak is not entitled to summary judgment on Defendant's counterclaim under 28 U.S.C. § 1927. However, the Court notes Section 1927 does not provide Defendant with

31

a personal cause of action against Plaintiff. Section 1927 provides this Court with the ability to require counsel to pay various costs incurred because counsel multiplied the proceedings unreasonably and vexatiously. The Court reserves the right to determine whether Section 1927 is applicable in this case, but Defendant is not entitled to have an individual cause of action regarding this issue. Thus, Plaintiff is not entitled to summary judgment, and the Court will invoke the statute if it deems it necessary.

### e.   USLG's Defamation Claim

Ohio law provides a one-year statute of limitations for defamation claims. *See* OHIO REV. CODE ANN. § 2305.11(A). Generally, a party may not be brought into a suit if its own cause of action would be barred by the statute of limitations. *Likover v. City of Cleveland*, 396 N.E.2d 491, 493 (Ohio App. 1978). However, there is an exception if "the cause of action is the same" because "a suit commenced within the statutory period inures to the benefit of the person who is brought in after the statute of limitations has run." *Id.* As Magistrate Judge Baughman Jr. noted in his order allowing intervention, USLG is a real party in interest. 20-CV-156-ABJ, ECF No. 67. As such, it was entitled to intervene despite the potential statute of limitations issue. Therefore, USLG's defamation claim must stand.

### CONCLUSION

For the foregoing reasons it is **HEREBY ORDERED** that Plaintiffs' Motion to Strike (20-CV-157-ABJ, ECF No. 91) is **DENIED in part** and **GRANTED in part**, Plaintiff's Motion for Summary Judgment on his complaint and the counterclaims (ECF No. 82) is **DENIED in part** and **GRANTED in part**, Defendant's Motion for Summary Judgment on counterclaims is **DENIED** (ECF No. 72),  Defendant's Motion for Summary

Judgment on Plaintiff's claims (ECF No. 67) is **DENIED**, and Intellitronix's Motion for Partial Summary Judgment on its defamation and deceptive trade practices claims (20-CV-158-ABJ, ECF No. 27) is **DENIED**. The only claims this Court dismissed are the unjust enrichment claim and Defendant's deceptive trade practices claim.

The Court feels it necessary to also encourage the parties to work toward settlement. A lot of the claims in these cases are duplicative of each other; while the issues are straightforward, both parties appear to have unnecessarily complicated matters through discovery disputes and making unnecessary filings and claims. The Court acknowledges new counsel has been added as representation due to the transfer of the cases and would encourage the parties to work through these claims and narrow the issues down in order to speed up their resolution.

Dated this 31st day of December, 2020.

Alan B. Johnson
United States District Judge